## MARION SHELTON v. STATE.

No. A-5367.   Opinion Filed Feb. 14, 1925.
(232 Pac. 968.)

(Syllabus.)

Abatement of Prosecution—Death of Accused Pending Appeal. In a criminal prosecution, the purpose of the proceeding being to punish the accused, the action must necessarily abate upon his death, and when it is made to appear to this court that the plaintiff in error has died pending the determination of his appeal, the cause will be abated.

Appeal from County Court, Cleveland County; George Allen, Judge.

Marion Shelton was convicted of unlawful possession of intoxicating liquor, and he appeals. Judgment abated because of the death of plaintiff in error.

Ben F. Williams and J. E. Luttrell, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

DOYLE, J.  Marion Shelton was convicted in the county court of Cleveland county on a charge that he did have in his possession intoxicating liquor with intent to sell the same, and, in accordance with the verdict of the jury, was sentenced to pay a fine of $50 and be confined in the county jail for 90 days.  From the judgment he appealed by filing in this court on December 15, 1924, a petition in error with case-made.

Since the appeal was taken and before the final submission of the cause, to wit, January 7, 1925, his counsel of record filed a motion to abate the proceeding on the ground that plaintiff in error, Marion Shelton, lost his life in an automobile accident in Osage county on the 29th day of December, 1924, and a few days thereafter was buried in Cleveland county, and showing that the same was duly served on the Attorney General and the county attorney of Cleveland county.

In a criminal action the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

It is therefore considered and adjudged that the proceeding in the above entitled cause, and especially under the judgment therein rendered, has abated, and that the county court of Cleveland county enter its appropriate order to that effect.

BESSEY, P. J., and EDWARDS, J., concur.